ANICETO SANCHEZ V. STATE

No. 25496.  November 21, 1951

Hon. T. M. Gupton, Judge Presiding.

*John J. Herrera,* and *James De Anda,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant was convicted for murder and assessed a penalty of ten years in the penitentiary.

The evidence discloses that appellant, a Mexican, was a

farm worker and lived on a large plantation in a cottage within a few feet of that occupied by the deceased. On the night of the tragedy, shortly after twelve o'clock, the deceased came up to the residence of appellant where he was engaged with others in drinking beer. He was singing a song in Mexican which, interpreted, is entitled "You, Only You" and is said to be a Mexican love song. Apparently this incensed appellant who, without any words, went into his house, got his gun, came out and shot, killing the deceased a short distance from his front door steps. About this there is no controversy.

Appellant testified in his own behalf but we find no complaint about the submisison of any issue raised by his testimony.

The case is submitted on three bills of exception. The first, upon which reliance seems to be had, complains that there was violation of the due process clause in that there was a systematic, continual, and uninterrupted practice in Fort Bend County of discriminating against the Mexican-Americans as a race, and people of Mexican extraction and ancestry as a class, in the selection of grand jury commissioners and grand jurors.

Appellant has filed quite an exhaustive brief on the subject in which he discusses decisions of other jurisdictions which, either intentionally or loosely, refer to Mexican people as a different race. They are not a separate race but are white people of Spanish descent, as has often been said by this court. We find no ground for discussing the question further and the complaint raised by this bill will not be sustained.

Appellant concedes that Bill of Exception No. 2, as qualified by the court, does not show error.

Bill of Exception No. 3 complains of argument of the prosecuting attorney. This bill is fatally defective in that it does not certify that the argument was not in reply to argument made by defendant's counsel. The statement made is that it "was not made in reply to any improper argument of counsel for the defendant." This may be taken to concede that it was in reply to argument and, if so, it is immaterial as to whether it was in reply to proper or improper argument, unless it should be shown that the argument itself was improper. This is not done by the bill under consideration.

We think, too, that the interpretation of the argument is

incorrect in that it is contended that the argument amounted to unsworn testimony by the state's attorney. He was commenting on the things that transpired in the witness box in the presence of the jury, in the proper conduct of the trial of the case, and sought to draw a conclusion which was not satisfactory to appellant's counsel. The jury had viewed the things which counsel was discussing and he was asking them to see it as he did. We do not interpret this to be evidence on his part as to what happened. We see no error.

Finding no reversible error, the judgment of the trial court is affirmed.